FILED
2021 JUN 3 AM 9:38
CLERK
U.S. DISTRICT COURT

ANDREA T. MARTINEZ, Acting U.S. Attorney (9313)
JOHN K. MANGUM, Assistant U.S. Attorney (2072)
TODD C. HILBIG, Assistant U.S. Attorney (8643)
Attorneys for the United States of America
111 S. Main Street, Suite 1800
Salt Lake City, Utah 84111
(801) 524-5682
todd.hilbig@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| LIONEL P. TREPANIER,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING THE UNITED STATES' MOTION TO DISMISS AND ORDER OF DISMISSAL WITH PREJUDICE**<br><br>Case No. 2:20-cv-00615-BSJ<br><br>Judge Bruce S. Jenkins |

On February 26, 2021, the United States filed a Motion to Dismiss. The motion was fully briefed (*see* ECF Nos. 13, 17, 18, and 19). A hearing was held before the Court, via Zoom, on April 23, 2021 (*see* ECF No. 20). Lionel P. Trepanier appeared pro se, and the United States was represented by Todd C. Hilbig. Based on the parties' written and oral arguments, the pleadings, and the relevant law, the Court enters the following Memorandum Decision and Order.

## BACKGROUND

In the complaint, Lionel P. Trepanier ("Plaintiff") claimed an intentional tort of third-party spoliation of evidence that allegedly resulted in a lower-than-desired settlement in a resolved and dismissed civil case in state court. Pursuant to FED. R. CIV. P. 12(b)(6) and FED. R.

Civ. P. 4(m), the United States moved for an order dismissing Plaintiff's Federal Tort Claims Act (FTCA) action against the United States.

The Court denies the United States' procedural argument that based on FED. R. CIV. P. 4(m) the Plaintiff failed to timely serve the complaint on the United States and that Plaintiff lacked good cause for the failure. The Court finds, however, pursuant to FED. R. CIV. P. 12(b)(6), that Plaintiff failed to state a claim upon which relief can be granted because causation between the alleged tort and any damages is highly speculative and thus not recoverable under state law and because Utah does not recognize the tort of third-party spoliation of evidence. Plaintiff's complaint contains no cognizable cause of action under Utah law. Consequently, and for the additional reasons set forth below, the United States' Motion to Dismiss is granted and this lawsuit is dismissed with prejudice.

## DISCUSSION

### I. Plaintiff's allegations.

Plaintiff filed his complaint on September 2, 2020. [ECF 1]. His claim relates to an occurrence on January 31, 2014, in Salt Lake City, Utah, at the Bennett Federal Office Building (federal building). [ECF 1, ¶ 19]. According to his complaint, Plaintiff was on the plaza of the federal building engaged in what he claims was lawful protest. *Id.* Plaintiff asserts that he was approached by private security guards who told him that he could not protest on the plaza of the federal building. [ECF 1, ¶ 20]. Plaintiff claims that he was attacked by one of the guards and suffered physical injury. [ECF 1, ¶ 21].

As a result of the incident, a Federal Protective Service (FPS)[1] officer, Devin Cummins, responded to the scene and issued Plaintiff a criminal citation. [ECF 1, ¶ 23]. On February 3, 2014, Plaintiff e-mailed the federal building manager, Andrew Lenz of the General Services Administration (GSA), and asked that all reports and recordings related to the incident be preserved for litigation. [ECF 1, ¶ 29]. The same day, Mr. Lenz responded to Plaintiff, stating that the request for preservation was forwarded to DHS. [ECF 1, ¶ 30].

Plaintiff's federal complaint states that on February 2, 2016 [sic][2], Plaintiff filed a civil lawsuit, while acting pro se, in the Third District Court of Salt Lake County, State of Utah, under case number 150900748. [ECF 1, ¶ 3 and 38]. Alleging assault and battery among other things, as well as compensatory and punitive damages, Plaintiff named the private security company, American Eagle Protective Services (American Eagle), its guard employee, Andrew D. Little, and John Does A-C as the defendants. Plaintiff did not name the United States in the state court case. [ECF 1, ¶ 3, 38].

During the state court case, Plaintiff sent on December 9, 2015, a state court subpoena to GSA seeking a copy of any video of the incident. [ECF 1, ¶ 31 and Plaintiff's complaint Exhibit 7]. On February 18, 2016, GSA responded to Plaintiff's subpoena. As part of the response, GSA shared a copy of a February 3, 2014 e-mail exchange between Mr. Lenz and FPS Utah Area Commander Ronald Osborne's assistant, Eva Ruiz. Ms. Ruiz explained in the 2014 email that

---

[1] FPS is the law enforcement agency within the U.S. Department of Homeland Security (DHS) responsible for security and law enforcement at federal buildings in accordance with 40 U.S.C. § 1315.

[2] Indeed, Plaintiff filed his state court case on February 2, 2015, not February 2, 2016.

3

Commander Osborne was the only one in the office who could handle anything related to the incident. [ECF 1, ¶ 32-33 and Plaintiff's complaint Exhibit 9].

On June 3, 2016, Plaintiff sent another state court subpoena, this time to DHS/FPS, requesting a copy of any video of the incident. [ECF 1, ¶ 35 and Plaintiff's complaint Exhibit 10]. On July 19, 2016, DHS/FPS responded to the subpoena. As part of the response, DHS/FPS provided Plaintiff with copies of the citation that was issued to him, the FPS Incident Report, and redacted witness statements. DHS also informed Plaintiff that a search was conducted for any responsive video, but none was discovered. [ECF 1, ¶ 36 and Plaintiff's complaint Exhibit 1; *see also* Defense Exhibit A, attached to Defendant's motion to dismiss[3]].

On or about August 1, 2018, with the advice of counsel at that point, Plaintiff accepted a settlement offer in the state case in the amount of $75,000. [ECF 1, ¶ 45-46].

Plaintiff now alleges in the federal complaint before this Court that surveillance video was deliberately destroyed by Ron Osborne and that, thus, Plaintiff was forced to settle the state court claim against American Eagle for ten times less than he could have. [ECF 1, ¶ 47-48]. Plaintiff alleges there was a significant possibility that he would have been able to obtain a full and complete recovery in the lawsuit against the security guard and American Eagle if the video would have been available to him. [ECF 1, ¶ 54].

---

[3] Defense Exhibit A contains Plaintiff's complaint Exhibit 1, but Defense Exhibit A also includes the four listed attachments which Plaintiff did not include. [*See* ECF No. 1 and Plaintiff's complaint Exhibit 1]. Because Plaintiff did not provide the four listed attachments to his complaint Exhibit 1, the United States provided those four documents in Defense Exhibit A so the full and accurate documents could be viewed by the Court.

4

According to Plaintiff's complaint, he filed an FTCA administrative claim with DHS on July 18, 2018. [ECF 1, ¶ 13]. After review, the Office of the General Counsel for DHS denied the claim on March 3, 2020.[4] [ECF 1, ¶ 14; *see also* Defense Exhibit B, attached to Defendant's Motion to Dismiss]. Plaintiff filed suit on September 2, 2020. [ECF 1].

Plaintiff served the United States on January 4, 2021. [*See* Declaration of John K. Mangum, civil division chief, U.S. Attorney's Office for the District of Utah (USAO), attached to Defendant's Motion to Dismiss as Defense Exhibit C; *see* copy of summons in civil action showing the receipt date stamp of USAO depicting receipt at 8:25 a.m. on January 4, 2021 ("RECEIVED 2021 JAN – 4, AM 8:25"), attached as Attachment 1 to Exhibit C; and *see* copy of USPS Priority Mail envelope, which contained the summons in civil action and the complaint, showing the postage stamp of 12/28/20, and showing the receipt date stamp of USAO depicting receipt at 8:17 a.m. on January 4, 2021 ("RECEIVED 2021 JAN – 4, AM 8:17"), attached as Attachment 2 to Defense Exhibit C].

## II. Standards for motion to dismiss.

FED. R. CIV. P. 12(b)(6) states, in part, as follows:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: * * * (6) failure to state a claim upon which relief can be granted....

---

[4] The date of the DHS denial letter was March 2, 2020. [*See* Defense Exhibit B, attached to Defendant's Motion to Dismiss.]

5

Historically, rule 12(b)(6) motions faced a higher hurdle. To prevail, a defendant had to establish "beyond any doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

This changed with two Supreme Court decisions, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). No longer must a defendant meet the *Conley* standard. Now, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); accord *Little v. KPMG LLP*, 575 F.3d 533, 541 (5th Cir. 2009).

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556); *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009); *Fields v. Dep't of Pub. Safety*, 911 F. Supp. 2d 373, 383 (M.D. La. 2012) (Jackson, J.). The complaint must contain "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief. *Twombly*, 550 U.S. at 557.

The facts in the complaint must "raise a right to relief above the speculative level," and into the "realm of plausible liability." *Id.* at 555. In other words, the complaint must allege enough facts to move past possibility and on to plausibility of "entitlement to relief." *Id.* at 558. Determining whether a complaint states a plausible claim for relief [is]…a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has not "show[n]"—"that the pleader is entitled to relief." *Iqbal*, 556

6

U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2))(internal citation omitted); see also *Gonzales*, 577 F.3d at 603 (same).

### III. Plaintiff's complaint fails to state a claim upon which relief can be granted because his alleged damages are purely speculative and therefore not actionable under Utah law.

Plaintiff failed to provide any articulable causal connection to support his position that the lack of video resulted in a reduced settlement. In Utah, in order to be recoverable, the alleged damages must be the proximate result of the defendant's tortious conduct. *Stevensen 3rd East, LC v. Watts*, 210 P.3d 977, 987 (Utah Ct. App. 2009). Moreover, the alleged damages must be more than merely speculative. *Id.*

Plaintiff's sole cause of action is based on the alleged purported deliberate and intentional erasure by FPS law enforcement officer, Ronald Osborne, of surveillance video of the incident that occurred between Plaintiff and a private security guard at a federal facility. [ECF No. 1, ¶ 2]. Plaintiff specifically claims that what he supposes to be Osborne's "deliberate and unlawful third party evidence destruction" caused his loss of value and loss of recovery in his state court lawsuit against the security guards and their employer. [ECF No. 1, ¶ 4]. Yet Plaintiff admitted at the hearing held on April 23, 2021, that he never deposed Mr. Osborne in the state court action.

Here, Plaintiff is speculating that had he been able to obtain video of the incident, he would have been able to use it to secure more money, perhaps an additional $675,000 in his settlement with American Eagle. [ECF No. 1, ¶ 58 and 59]. Settlements in civil actions are the result of countless factors, and Plaintiff has not demonstrated that it is plausible that having any video would have changed the settlement amount. Plaintiff's medical records were the best

7

evidence of his alleged damages, and there is no evidence such records were not fully available to Plaintiff and his adverse parties in the previously settled, civil state court lawsuit.

Moreover, Plaintiff is operating on the assumption that even if he had been provided video he requested, that such video would have captured the altercation between him and the security guards and that the images would have helped him prove his case. Indeed, the FPS officer who responded to the incident, Devin Cummins, attempted to view video footage from the cameras in the Federal Reserve Building, which is across the street from the Bennett Federal Building, within merely minutes or hours after the subject incident. Mr. Cummins stated that no video from the Federal Reserve Building existed that captured the incident in his written report dated the same day as the incident. Mr. Cummins typed this at the conclusion of his report: "Video footage was attempted to be obtained from the Federal Reserve across State Street. However, they only had footage after the incident occurred." [*See* FPS Incident report, final paragraph of third page of three-page report, case number D14001113, Type of Offense or Incident: Demonstrations and Disturbances – disorderly conduct, 1-31-2014; contained in Defense Exhibit A, *see* p. 19 of 27.]

Given that Plaintiff's entire complaint is premised on both speculated facts and a speculative claim for damages, the Court dismisses the case for failure to state a claim.

### IV. Plaintiff's complaint fails to state a claim because it is premised on an intentional tort not recognized by the State of Utah.

Plaintiff seeks to hold the United States liable under the Federal Tort Claims Act (FTCA), 28 U.S.C §§ 1346(b), 2671-80. [ECF 1, ¶ 1]. The FTCA, however, does not permit Plaintiff's cause of action.

8

Generally, the FTCA is a plaintiff's exclusive remedy for claimed injuries and damages sought against the United States. 28 U.S.C. § 2679(b). The FTCA waives the United States' sovereign immunity for certain tort claims. The FTCA waives sovereign immunity only for injuries caused by a "negligent or wrongful act or omission" performed by a federal employee. 28 U.S.C. § 2679(b)(1). Sovereign immunity is only waived when the alleged negligent act or omission was committed by an "employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1).

But most important to this particular case, the FTCA waives sovereign immunity with respect to tort liability "under circumstances where the United States, if a private person, would be liable to the claimant in accordance *with the law of the place* where the act or omission occurred." 28 U.S.C. § 1346(b)(emphasis added). The FTCA does not waive the sovereign immunity of the United States in all respects. For example, the United States is *not* liable to a claimant where a private person would *not* be liable to the claimant because the law of the place where the act or omissions occurred does *not recognize* a particular *cause of action*. Here, in Utah, there is no cause of action in tort for spoliation of evidence.

Plaintiff cites *Hills v. United Parcel Service, Inc.* 232 P.3d 1049 (Utah 2010), as standing for the proposition that the state of Utah recognizes the tort of spoliation of evidence. [ECF No. 1, ¶ 49-52]. Plaintiff's reading of the case is incorrect.

In *Hills*, the Utah Supreme Court specifically declined to recognize the independent tort of spoliation of evidence. *Id.* at 1057-58. There, the decedent died after being electrocuted. His employer investigated the incident and attributed it to faulty electrical work. In investigating the cause of the accident, the employer instructed its electrical contractor to disassemble an electrical

9

box that appeared to be the source of the problem, and during that process, a plastic wall anchor disappeared. The decedent's parents filed a wrongful death action against the contractor but then they also later sued the employer and contractor for destroying evidence. The contractor admitted it was liable for the decedent's accidental death, and spoliation was a derivative claim. The employer filed a motion to dismiss under Rule 12(b)(6) of the Utah Rules of Civil Procedure. The district court dismissed the spoliation complaint, concluding that Utah did not recognize a cause of action for third-party spoliation. *Id.* 1050-59.

On review of the judgment of dismissal, the Utah Supreme Court affirmed. Because the contractor conceded liability in the primary wrongful death action, the damages awarded in that action would subsume any spoliation damages. Therefore, adopting a spoliation claim under the facts of the case would be a wholly academic exercise that would not affect the rights of the parties. While one justice raised concerns, in *dicta*, related to hypothetical intentional spoliation of evidence by a third-party, and went to great lengths to discuss the pros and cons of adopting such a tort, the Court ultimately decided not to do so and affirmed the trial court's decision to grant the defendant's motion to dismiss. *Id.*

Even though this court has not addressed the issue of third-party spoliation under the FTCA, it has recognized that the tort of third-party spoliation does not exist in the state of Utah.[5]

---

[5] The Tenth Circuit Court of Appeals has addressed the third-party spoliation issue under the FTCA in *Estate of Trentadue ex rel Auguilar v. United States,* 397 F.3d 840 (10th Cir. 2005). There, the Circuit Court upheld the District Court for the Western District of Oklahoma's dismissal of the spoliation tort claim against the United States because "spoliation is not a recognized tort in Oklahoma." *Id.* at 862.

*See, Cook Associates, Inc. v. PCS Sales (USA) Inc.,* 271 F. Supp. 2d 1343, 1357 (D. Utah 2003), *citing, Burns v. Cannondale Bicycle Co.,* 876 P.2d 415, 419 (Utah Ct. App. 1994).

The *Cook* decision was prior to *Hills*. But the Utah Supreme Court has not revisited the issue in over ten years, and several Utah trial-level courts have cited the *Hills* case to reiterate that Utah does not recognize spoliation as an independent tort. *In re Weston*, 2014 WL 4774368 *3 (State District Court of Utah, No. 033100174, Aug. 18, 2014) (unpublished); *Harris v. Mutti*, 2016 WL 11575162 *2 (State District Court of Utah, No. 150904953, July 22, 2016) (unpublished).

Moreover, it is highly unlikely that the Utah Supreme Court would view the suit by Mr. Trepanier as appropriate to consider adopting the tort of third-party spoliation. In *Hills,* the Supreme Court was motivated in its decision, at least in part, by the fact that the contractor defendant in the case had already admitted liability in the underlying wrongful-death action. *Hills,* 232 P. 3d at 1057-58. Similarly, in this case, Plaintiff has already settled with the contractor security company and security guard who allegedly assaulted and battered him. While the settlement may have been made without a specific admission of liability on the part of the company or its guard, the fact of settlement renders the issue of fault moot, much like the situation in the *Hills* case.

Lastly, Plaintiff was fully aware, as a result of DHS/FPS' response to his state court subpoena, that video of the occurrence did not exist. And yet he went forward with settling his state court case anyway. That was, of course, Plaintiff's choice. He never added or named the United States or Utah Area Commander, Ronald Osborne, to his state court case. Had Plaintiff wanted to bring the United States or Commander Osborne as parties into his ongoing litigation

11

with American Eagle, he could have done so prior to settling his state court case. He chose not to add the United States or other parties to his state court case. This Court will not permit Plaintiff another bite at the apple seven years after the fact.

Given that Plaintiff's entire complaint contains one cause of action that is premised on a tort not recognized by Utah, the Court is left with no choice but to dismiss the case for failure to state a claim.

### V. Conclusion and ruling.

Having reviewed all the relevant materials, and as stated at the end of the hearing on April 23, 2021 (*see* ECF No. 20), the Court denies the United States' procedural argument that based on FED. R. CIV. P. 4(m) the Plaintiff failed to timely serve the complaint on the United States and that Plaintiff lacked good cause for the failure. However, the Court finds that Plaintiff's complaint failed to state a claim upon which relief can be granted because causation between the alleged tort and any damages is highly speculative and thus not recoverable under state law and because Utah does not recognize the tort of third-party spoliation of evidence. Accordingly, under FED. R. CIV. P. 12(b)(6), Plaintiff's complaint is dismissed.

### ORDER

IT IS HEREBY ORDERED that the United States' Motion to Dismiss is GRANTED, and Plaintiff's complaint is DISMISSED with prejudice.

Entered this 3rd day of June, 2021.

BY THE COURT:

Honorable Bruce S. Jenkins
U.S. District Court Judge

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of the United States Attorney's Office, and that a copy of the foregoing proposed **Memorandum Decision and Order Granting the United States' Motion to Dismiss and Order of Dismissal With Prejudice** was delivered via *E-mail*, and *U.S. Mail*, to the party named below on this 30th day of April, 2021.

Lionel P. Trepanier    (*LionelTrepanier@gmail.com*)
1263 E. South Temple #14
Salt Lake City, Utah 84102
*Plaintiff pro se*

                                       */s/ Todd Hilbig*
                                       Office of the United States Attorney